## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**GEORGIO RODRIQUEZ SCOTT**                                           **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:24-cv-00202-HSO-BWR**

**LAMAR COUNTY, et al.**                                              **DEFENDANTS**

### REPORT AND RECOMMENDATIONS

*Pro se* Plaintiff Georgio Rodriquez Scott filed this lawsuit on December 30, 2024, raising claims under 42 U.S.C. § 1983 and state tort law. Plaintiff names three Defendants: (1) Lamar County, (2) the State of Mississippi, and (3) Judge Anthony Mozingo. Compl. [1] at 1; Order [33] at 4. When he filed his Complaint, Plaintiff was an inmate housed at the United States Penitentiary, McCreary, in Pine Knot, Kentucky. Compl. [1] at 1. He is now housed at the United States Penitentiary, Pollock, in Pollock, Louisiana. Notice [41] at 1.

The following motions are now before the Court: (1) Lamar County's Motion [26] for Judgment on the Pleadings filed on September 16, 2025; (2) the State of Mississippi's Motion [28] to Dismiss filed on October 1, 2025; and (3) the Supplemental Motion [36] to Dismiss filed by the State of Mississippi and Judge Mozingo on December 11, 2025. Plaintiff filed a written Response [34] addressing primarily Judge Mozingo's defense. For the following reasons, the undersigned recommends that all pending motions be granted. Plaintiff's claims arising under federal law should be dismissed with prejudice, and any claims arising under state law should be dismissed without prejudice.

## I. BACKGROUND

### A. Relevant Procedural History

On January 13, 2020, Plaintiff pled guilty in the Lamar County, Mississippi, Circuit Court to larceny (theft of rental property) under Mississippi Code § 97-17-62. *State of Miss. v. Scott*, No. 37CI1:19-cr-00224-BT (Lamar Cnty. Cir. Ct., Jan. 13, 2020) (Doc. 12).[1]  Judge Mozingo accepted Plaintiff's guilty plea but withheld adjudication for three years, during which Plaintiff was directed to report to the Mississippi Department of Corrections ("MDOC") subject to certain "terms and conditions." *Scott*, No. 37CI1:19-cr-00224-BT (Doc. 13).  Judge Mozingo signed a Corrected Order of Non-Adjudication on January 22, 2020, but Plaintiff's sentence remained the same. *Scott*, No. 37CI1:19-cr-00224-BT (Doc. 15).

On July 16, 2020, Plaintiff's probation officer reported by affidavit that he violated three terms of his non-adjudicated probation, including failure to report and failure to pay the necessary fines, fees, and assessments.  *Scott*, No. 37CI1:19-cr-00224-BT (Doc. 20).  On October 31, 2022, Judge Mozingo signed a Second Corrected Order of Conviction and Sentence, ordering that Plaintiff serve three years in MDOC custody, with 90 days to serve and the remainder suspended.  *Scott*, No. 37CI1:19-cr-00224-BT (Doc. 23).

Plaintiff filed two motions to correct the state-court judgment, one on October 3, 2022, and one on April 30, 2025, both of which are still pending.  He argues that

---

[1] The undersigned recommends that the Court "take judicial notice of [these] matters of public record."  *Ruiz v. Brennan*, 851 F.3d 464, 468 (5th Cir. 2017).

no term of probation was discussed at the sentencing hearing, so Judge Mozingo's written sentencing orders effectively took him by surprise. *Scott*, No. 37 CI1:19-cr-00224-BT (Docs. 22, 26). At the sentencing hearing, Judge Mozingo had pronounced: "I'm going to sentence him to serve three years in the custody of the Department of Corrections, credit for time served and suspend the remainder." Resp. [34-2] at 10.

Meanwhile, in 2021, Plaintiff pled guilty in this Court to possession of ammunition by a prohibited person under 18 U.S.C. § 922(g)(1). *United States v. Scott*, No. 2:20-cr-00017-TBM-MTP (S.D. Miss., Oct. 21, 2021) (Doc. 50). He was sentenced to serve 92 months in the custody of the Bureau of Prisons, plus a three-year term of supervised release, a $5,000.00 fine, and a $100.00 assessment. *Id.*

### B. Plaintiff's Allegations

Plaintiff testified at the Omnibus Hearing[2] that his state-court sentence was pronounced in open court as three years suspended, with credit for time served—including no mention of probation. After sentencing, Plaintiff claims that he "was released from custody immediately." Compl. [1] at 4.

Plaintiff complains that the state court then modified the terms of his sentence "without notice." *Id.* Plaintiff reports that Judge Mozingo was alerted of his error in 2022 and failed to correct the sentencing paperwork to ensure its accuracy. Mot. [13] at 1. Plaintiff also claims a "violation of [his] right to counsel" since he was not

---

[2] Plaintiff's claims were clarified at an Omnibus Hearing on December 4, 2025. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985) (authorizing the magistrate judge to "hold an evidentiary hearing" to allow a *pro se* plaintiff to provide a "more definite statement"), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 324 n.3 (1989).

3

notified of the change to his sentence and was thus unrepresented by counsel during the process. *Id.* at 3. Though he filed two post-judgment motions, Plaintiff testified that he did not appeal Judge Mozingo's orders to the Mississippi Supreme Court or Court of Appeals.

Plaintiff asserts that his state-court term of probation, which was erroneously imposed, was used to enhance his criminal-history score during sentencing in this Court. Compl. [1] at 4. As a result, Plaintiff testified that he was "oversentenced" to a term of imprisonment exceeding what he believes to be the statutory maximum for his federal offense of conviction. Plaintiff also claims that Judge Mozingo's actions denied him access to a halfway house and other opportunities provided by the Bureau of Prisons. *Id.*

Plaintiff requests $2 million in damages. Compl. [1] at 4. Plaintiff reports "mental anguish and pain and suffering" because he experiences "extreme depression and severe anxiety." Mot. [13] at 2. As a result of the state court's error, Plaintiff claims that he has "been exposed to extreme lockdown, poor feeding conditions, [and] . . . serious violence." *Id.* He also claims "damages for attorney fees [and] filing fee[s] along with [a] los[s] of business." *Id.* at 3.

## II. GOVERNING PRINCIPLES

### A. Standard of Review

The same standard of review applies to motions arising under Federal Rules of Civil Procedure 12(b)(6) and 12(c). *Adams v. City of Harahan*, 95 F.4th 908, 911

4

(5th Cir. 2024). "Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to allege enough facts to state a claim to relief that is plausible on its face and fails to raise a right to relief above the speculative level." *Nationwide Bi-Wkly. Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "In deciding a motion to dismiss under Rule 12(b)(6), a court generally accepts as true all factual allegations contained within the complaint." *Nelson v. Allstate Prop. and Cas. Ins. Co.*, No. 5:23-cv-00095-DCB-LGI, 2024 WL 965615, at *2 (S.D. Miss. Mar. 6, 2024). "[J]udgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain." *Shelter Life Ins. Co. v. Stallard*, No. 2:09-cv-00009-KS-MTP, 2010 WL 200013, at *8 (S.D. Miss. Jan. 14, 2010).

"It is well-established that *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (quotation omitted; emphasis added). "However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id*. (quotation omitted).

## B. Scope of Review

"Ordinarily, a court decides a motion to dismiss for failure to state a claim

looking only at the face of the complaint." *E.H. v. Miss. Dep't of Educ.*, No. 3:12-cv-00474-DPJ-FKB, 2013 WL 4787354, at *1 (S.D. Miss. Sept. 6, 2013). "If 'matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment.'" *Id.* (quoting FED. R. CIV. P. 12(d)).   But "some documents outside the pleadings may be considered under Rule 12(b)(6)," *id.*, including "matters of public record . . . and any other matters of which [the Court] may take judicial notice," *Jones v. Jones Cnty.*, No. 2:22-cv-00093-KS-MTP, 2024 WL 1604651, at *4 (S.D. Miss. Apr. 12, 2024) (internal citations omitted).

"While reviewing a motion to dismiss, courts may take judicial notice of court pleadings in other cases, because pleadings are public records." *Noble v. Bank of Am., N.A.*, No. 1:15-cv-00352-LG-RHW, 2016 WL 70859, at *1 (S.D. Miss. Jan. 6, 2016). The exhibits attached to Lamar County's Motion [26] for Judgment on the Pleadings are documents of record filed in this Court and the Lamar County Circuit Court. Thus, the undersigned recommends that the Court take judicial notice of them and decline to convert Lamar County's motion into one for summary judgment.

### III. DISCUSSION

#### A. Claims Arising Under Federal Law

The undersigned is of the opinion that Plaintiff's claims arising under § 1983 fail against each named Defendant.  Accordingly, the undersigned recommends that Plaintiff's claims arising under federal law be dismissed with prejudice.

### i.   Lamar County

Plaintiff's § 1983 claims against Lamar County should be dismissed for two reasons.  First, Plaintiff testified that his allegations are directed entirely against Judge Mozingo, who is not a Lamar County employee.  "[I]n Mississippi, circuit judges acting in their judicial capacity are not local government officials whose actions are attributable to a county."  *Carroll v. Tippah Cnty., Miss.*, No. 3:16-cv-00260-DMB-JMV, 2017 WL 8159324, at *2 (N.D. Miss. Oct. 23, 2017), *report and recommendation adopted by*, 2018 WL 1177347, at *1 (N.D. Miss. Mar. 5, 2018).  "Thus, absent alleged participation in a conspiracy with a county official (which is not alleged by Plaintiff), a state circuit judge cannot subject a county to liability under § 1983."  *See id.*; *see also Mackey v. Helfrich*, No. 2:10-cv-00172-KS-MTP, 2010 WL 5805571, at *4 (S.D. Miss. Dec. 13, 2010) (rejecting the argument that a circuit judge was an official policymaker for Forrest County), *report and recommendation adopted by*, 2011 WL 532406, at *2 (S.D. Miss. Feb. 9, 2011).

Second, assuming he identified conduct attributable to Lamar County, Plaintiff has failed to plead a claim for municipal liability against Lamar County under § 1983.  "Municipalities cannot be held vicariously liable for the actions of their officials under 42 U.S.C. § 1983."  *Joiner v. Greene Cnty., Miss.*, No. 1:19-cv-00014-HSO-JCG, 2020 WL 4572683, at *2 (S.D. Miss. Aug. 7, 2020).  "Accordingly, isolated unconstitutional actions by municipal employees will almost never trigger liability, but rather the unconstitutional conduct must be directly attributable to the

7

municipality through some sort of official action or imprimatur." *Lee v. Jackson Cnty., Miss.* No. 1:13-cv-00441-HSO-RHW, 2017 WL 53952, at *11 (S.D. Miss. Jan. 3, 2017) (quotation omitted).

"Municipal liability under Section 1983 requires that a plaintiff prove three elements: a policymaker; an official policy; and a violation of constitutional rights whose moving force is the policy or custom." *Ducksworth v. Rook*, No. 2:14-cv-00146-KS-MTP, 2015 WL 737574, at *2 (S.D. Miss. Feb. 20, 2015) (quotations omitted). "These three elements are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Lee*, 2017 WL 53952, at *11 (quotation omitted). To advance beyond the pleading stage, "a complaint's description of a policy or custom and its relationship to the underlying constitutional violation cannot be conclusory; it must contain specific facts." *Peña v. City of Rio Grande City*, 879 F.3d 613, 622 (5th Cir. 2018) (quotation and alterations omitted); *see also Lofton ex rel. Leary v. Franklin Cnty., Miss.*, No. 5:22-cv-00052-DCB-RHWR, 2023 WL 1999489, at *4 (S.D. Miss. Feb. 14, 2023). "The burden of establishing [a municipal-liability] claim is a heavy one." *Corring v. Pearl River Cnty.*, No. 1:11-cv-00262-RHW, 2013 WL 435970, at *5 (S.D. Miss. Feb. 4, 2013).

Plaintiff has not alleged sufficient facts to maintain this action against Lamar County. When asked at the Omnibus Hearing what Lamar County "did wrong," Plaintiff responded that Lamar County is the "entity liable" for Judge Mozingo's

8

alleged misconduct. But he specifically testified that his allegations are not based on "any act that [Lamar County] committed." *See also* Resp. [34] at 12 (confirming "the complaint only alledges [*sic*] the acts of one individual"). Thus, his allegations against Lamar County are predicated on a theory of *respondeat superior,* which is not actionable under § 1983. At no point does Plaintiff allege that Lamar County has an official policy or well-settled custom of imposing excessive sentences on criminal defendants; his allegations represent what he says happened to him in one instance.

Thus, Plaintiff has "alleged no specific policy statement, ordinance, regulation, or decision that was the moving force" behind the alleged constitutional violations. *See Ducksworth*, 2015 WL 737574, at *2. His pleadings fail "to include sufficient facts to allow the Court to infer a persistent, widespread practice so common and well-settled as to constitute a custom that fairly represents a municipal policy." *See id.* (quotations and alterations omitted); *see also Lang v. Forrest Cnty. Adult Det. Ctr.*, No. 2:21-cv-000821-HSO-JCG, 2021 WL 4432824, at *2 (S.D. Miss. Sept. 27, 2021) (dismissing claims against Forrest County because the plaintiff failed to allege the existence of an official policy, practice, or custom); *Cobb v. Adams Cnty.*, No. 5:07-cv-00198-MTP, 2009 WL 799461, at *3 (S.D. Miss. Mar. 24, 2009) (dismissing claims against Adams County for the same reason). The undersigned thus recommends that Plaintiff's § 1983 claims against Lamar County be dismissed with prejudice.

### ii.    The State of Mississippi

Likewise, Plaintiff's § 1983 claims against the State of Mississippi should be

dismissed for two reasons.  First, the State of Mississippi is protected by sovereign immunity under the Eleventh Amendment, which bars an individual from suing a state in federal court unless the state consents to suit or Congress has abrogated the state's sovereign immunity.  U.S. CONST. amend. XI; *see also Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001).  Mississippi has not waived its right to sovereign immunity.  MISS. CODE ANN. § 11-46-5(4) ("Nothing contained in this chapter shall be construed to waive the immunity of the state from suit in federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").  Nor did Congress abrogate Eleventh Amendment immunity by enacting § 1983.  *Bryant v. Mil. Dep't of State of Miss. ex rel. Miss. Air Nat'l Guard*, 381 F. Supp. 2d 586, 591 (S.D. Miss. 2005).  Thus, Plaintiff cannot maintain his request for monetary damages against the State of Mississippi.  *E.g.*, *Necaise v. May*, 700 F. Supp. 3d 469, 478-81 (S.D. Miss. 2023); *Ragsdale v. Miss.*, No. 3:19-cv-00254-M-V, 2020 WL 5731790, at *1-2 (N.D. Miss. Sept. 24, 2020).

Second, to recover under § 1983, Plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Constitution or other laws of the United States.  42 U.S.C. § 1983.  Plaintiff "cannot sue the State of Mississippi under § 1983 because it is not a 'person' for purposes of that statute." *Jackson v. Miss.*, No. 5:12-cv-00094-DPJ-FKB, 2012 WL 5185726, at *1 (S.D. Miss. Oct. 18, 2012) (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989)).  The undersigned thus recommends that Plaintiff's § 1983 claims against the State of

10

Mississippi be dismissed with prejudice.

### iii.    Judge Mozingo

In line with the established pattern, Plaintiff's § 1983 claims against Judge Mozingo should be dismissed for two reasons.  First, Judge Mozingo is entitled to absolute judicial immunity.  "As a general matter, judicial immunity protects a judge from liability for acts or omissions done in the exercise of his judicial function or capacity with the limits of his jurisdiction."  *Lang v. City of Gulfport*, No. 1:13-cv-00012-LG-JMR, 2013 WL 3095058, at *2 (S.D. Miss. June 18, 2013).  "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages."  *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).  "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991).  "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction."  *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quotation omitted).

"The doctrine of judicial immunity can be overcome under two sets of circumstances: (i) nonjudicial actions, which are actions not taken in the judge's judicial capacity and (ii) actions taken in the complete absence of all jurisdiction, even though they are judicial in nature."  *Lang*, 2013 WL 3095058, at *2.  The undersigned

11

is of the opinion that Plaintiff's allegations against Judge Mozingo satisfy neither exception.

To determine whether Judge Mozingo's act of entering modified sentencing orders could amount to nonjudicial actions, the Court considers these factors:

> (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity.

*Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). "Immunity may be applied even if one or more of these factors is not met." *Morrison v. Walker*, 704 F. App'x 369, 373 (5th Cir. 2017). Most of them weigh in favor of the application of judicial immunity.

Signing orders in a pending case and deciding what sentence to impose on a criminal defendant are normal judicial functions. *E.g.*, *Shojai v. Gomez*, No. H-24-4341, 2025 WL 1914783, at *5 (S.D. Tex. Apr. 28, 2025), *report and recommendation adopted by*, 2025 WL 1762968, at *2 (S.D. Tex. June 26, 2025); *Curry v. EMCF Staffs Host*, No. 3:13-cv-00811-CWR-FKB, 2014 WL 1464525, at *3 (S.D. Miss. Apr. 15, 2014). There is no evidence that Judge Mozingo signed the modified sentencing orders outside the courtroom or his chambers, *see id.*, and Plaintiff admits that the events giving rise to his claims occurred at "the [L]amar [C]ounty court house," Resp. [34] at 14. Also, these allegations undisputedly arose from a criminal case heard and decided by Judge Mozingo—a case that is still ongoing, as evidenced by Plaintiff's

12

pending post-judgment motions.  Thus, Judge Mozingo's conduct reflects judicial acts taken in his official capacity as a circuit court judge.  *See Stewart v. Nevarez*, No. 4:17-cv-00501-O-BP, 2017 WL 9473085, at \*8 (N.D. Tex. Nov. 8, 2017), *report and recommendation adopted by*, 2018 WL 507153, at \*3 (N.D. Tex. Jan. 23, 2018).

Nor does the absence-of-jurisdiction exception apply.  "Where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes." *Malina*, 994 F.2d at 1125.  If Judge Mozingo "merely acted in excess of his authority," he is still protected by judicial immunity.  *See id.*  It is without question that circuit courts in Mississippi have subject matter jurisdiction over the criminal prosecution of felony offenses, which includes the imposition and supervision of sentences.  *See, e.g.*, *Jefferson v. State*, 556 So. 2d 1016, 1020-21 (Miss. 1989); *Brown v. State*, 872 So. 2d 96, 99-100 (Miss. Ct. App. 2004).  The undersigned is of the opinion that Plaintiff cannot maintain this action against Judge Mozingo because he is immune from suit.

Second, notwithstanding judicial immunity, the undersigned believes that Plaintiff's claims against Judge Mozingo are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[3]  "In *Heck*, the Supreme Court held that if a plaintiff's civil rights claim for damages challenges the validity of his criminal conviction or sentence, and the

---

[3] Judge Mozingo does not invoke the *Heck* doctrine to support his request for dismissal, but the Court may analyze this issue *sua sponte*.  *See* 28 U.S.C. § 1915A(a) ("The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."); *see also Hopson v. Vick*, No. 4:08-cv-00119-TSL-LRA, 2009 WL 1295066, at \*2 (S.D. Miss. May 7, 2009) (screening a case under § 1915A(a) in which the prisoner plaintiff was not proceeding *in forma pauperis*).

plaintiff cannot show that such conviction or sentence has been reversed, invalidated, or otherwise set aside, the claim is not cognizable under § 1983." *Magee v. Reed*, 912 F.3d 820, 822 (5th Cir. 2019) (citing *Heck*, 512 U.S. at 486-87). "*Heck* requires the district court to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Ballard v. Burton*, 444 F.3d 391, 396 (5th Cir. 2006) (quotation omitted). "This requirement or limitation has become known as the favorable termination rule." *Id.* (quotation omitted).

Plaintiff asks the Court to conclude that he was illegally sentenced by the Lamar County Circuit Court in 2020, and that conviction erroneously impacted the sentence imposed by this Court the following year. A finding in his favor on this point would necessarily imply the invalidity of both sentences. And Plaintiff has not shown that his sentences have been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck*, 512 U.S. at 487. Thus, the undersigned is of the opinion that Plaintiff cannot maintain his constitutional claims against Judge Mozingo under § 1983. *E.g.*, *Chappell v. City of Biloxi, Miss.*, No. 1:23-cv-00314-TBM-RPM, 2025 WL 923493, at *8 (S.D. Miss. Feb. 7, 2025) (rejecting due-process claim that falsified documents impacted the outcome in underlying criminal proceedings), *report and*

14

*recommendation adopted by*, 2025 WL 923490, at \*2 (S.D. Miss. Mar. 26, 2025); *Morgan v. Miss.*, No. 5:24-cv-00017-DCB-BWR, 2024 WL 4354108, at \*3 (S.D. Miss. Sept. 30, 2024) ("[C]laims that a prisoner was illegally sentenced necessarily violate the *Heck* doctrine." (quotation omitted)).

\* \* \*

Plaintiff insists that this case should not be dismissed because he properly complied with Federal Rule of Civil Procedure 8 (Resp. [34] at 2-3, 13), mandating only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2).  But the undersigned does not recommend dismissing Plaintiff's § 1983 claims as a matter of form.  Instead, the undersigned has "accept[ed] all factual allegations in the complaint as true and draw[n] all reasonable inference in . . . [P]laintiff's favor."  *See Lofton*, 2023 WL 1999489, at \*2.  Notwithstanding this lenient posture, having examined the pleadings and heard Plaintiff's testimony, the undersigned is of the opinion that Plaintiff's Complaint fails to state a constitutional claim against any named Defendant.  His § 1983 claims should be dismissed with prejudice.

### B. Claims Arising Under State Law

Together with his constitutional claims, Plaintiff specifically alleges "gross negligence," Mot. [13] at 1, a cause of action arising under state tort law.  "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims

15

in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c).

"[T]he preferred practice, when no extensive proceedings on the ancillary claim have begun in federal court, is to dismiss the [ancillary claim] so that the case may be brought in state court where it belongs." *Putnam v. Williams*, 652 F.2d 497, 502 (5th Cir. 1981); *see also Alphonse v. Arch Bay Holdings, L.L.C.*, 618 F. App'x 765, 769 (5th Cir. 2015) ("As a general rule, a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial." (quotation and ellipsis omitted)). In determining whether to exercise supplemental jurisdiction, the Court also considers "judicial economy, convenience, fairness, and comity." *Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009).

The undersigned recommends dismissal of every claim over which the Court has original jurisdiction. Likewise, the undersigned recommends the Court decline to exercise supplemental jurisdiction over any ancillary state-law claims. The case is still being screened under § 1915A, and the parties have conducted no discovery. At this juncture, "[a] state court is in a better position to adjudicate [Plaintiff's] claims arising under state law." *See Ellsberry v. Stewart*, No. 1:21-cv-00385-BWR, 2023 WL

16

2386706, at *8 (S.D. Miss. Mar. 6, 2023).  The undersigned thus recommends that Plaintiff's state-law claims be dismissed without prejudice.  *See Bass v. Parkwood Hosp.*, 180 F.3d 234, 246 (5th Cir. 1999) ("[T]he dismissal of the pendent claims should expressly be *without* prejudice so that the plaintiff may refile his claims in the appropriate state court." (emphasis in original)).

## IV. RECOMMENDATIONS

The undersigned recommends that Lamar County's Motion [26] for Judgment on the Pleadings, the State of Mississippi's Motion [28] to Dismiss, and the Supplemental Motion [36] to Dismiss filed by the State of Mississippi and Judge Anthony Mozingo be granted.  Plaintiff's claims arising under federal law should be dismissed with prejudice.  The Court should decline to exercise supplemental jurisdiction over any state-law claims, and any remaining state-law claims should be dismissed without prejudice.

## V. NOTICE OF RIGHT TO APPEAL/OBJECT

Within fourteen days of being served with a copy of this Report and Recommendation, any party may serve and file written objections with the Clerk of Court.  An objecting party must specifically identify the findings, conclusions, and recommendations to which it objects.  Within seven days of service of the objections, the opposing party must either serve and file a response or notify the District Judge that he does not intend to respond to the objections.  L. U. CIV. R. 72(a)(3).

The District Judge shall make a *de novo* determination of those portions of the

Report and Recommendation to which objection is made. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive more evidence or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge will be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *See Wallace v. Miss.*, 43 F.4th 482, 494-95 (5th Cir. 2022) (collecting cases).

**SIGNED,** this 18th day of May, 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE