

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

F I L E D

Jun 15 2026

ARTHUR JOHNSTON, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

| | | |
|---|---|---|
| **GEORGIO RODRIQUEZ SCOTT** | § | **PLAINTIFF** |
| | § | |
| | § | |
| | § | |
| **v.** | § | **Civil No. 2:24cv202-HSO-BWR** |
| | § | |
| | § | |
| **LAMAR COUNTY, et al.** | § | **DEFENDANTS** |

**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION [42] AS MODIFIED; GRANTING DEFENDANT
LAMAR COUNTY'S MOTION [26] FOR JUDGMENT ON THE PLEADINGS;
GRANTING DEFENDANT STATE OF MISSISSIPPI'S MOTION [28]
TO DISMISS; GRANTING DEFENDANTS STATE OF MISSISSIPPI AND
JUDGE ANTHONY MOZINGO'S SUPPLEMENTAL MOTION [36]
TO DISMISS; AND DISMISSING PLAINTIFF'S CLAIMS**

This matter comes before the Court on the Report and Recommendation [42] of United States Magistrate Judge Bradley W. Rath, entered in this case on May 18, 2026, and the Motion [26] for Judgment on the Pleadings filed by Defendant Lamar County, the Motion [28] to Dismiss filed by Defendant State of Mississippi, and the Supplemental Motion [36] to Dismiss filed by Defendants State of Mississippi and Judge Anthony Mozingo.   The Magistrate Judge recommended that Defendants' Motions [26], [28], [36] be granted, that Plaintiff Georgio Rodriquez Scott's federal claims be dismissed with prejudice, that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, and that the state-law claims be dismissed without prejudice.   *See* R. & R. [42] at 17.

Plaintiff has not filed any objections to the Report and Recommendation [42], and the time for doing so has passed.   *See id.*; 28 U.S.C. § 636(b)(1); L.U. Civ. R.

72(a)(3).   Based upon a review of the record, the Court finds that the Report and Recommendation [42] should be adopted, as modified herein, and that Defendants' Motions [26], [28], [36] should be granted.   Plaintiff's federal claims against Defendants Lamar County and Judge Anthony Mozingo should be dismissed with prejudice, but because the Court lacks jurisdiction over his federal claims against Defendant State of Mississippi, those claims should be dismissed without prejudice. The Court will decline to exercise supplemental jurisdiction over Plaintiff's state-law claims, and those claims will be dismissed without prejudice.

## I.   BACKGROUND

Plaintiff Georgio Rodriquez Scott ("Scott" or "Plaintiff") alleges that Lamar County Circuit Court Judge Anthony Mozingo ("Judge Mozingo") improperly amended his state-court criminal sentence twice, which later negatively impacted a federal sentence in this Court.   *See* Compl. [1] at 4; Order [33] at 1-3.   Proceeding pro se, on December 30, 2024, Plaintiff filed the Complaint [1] in this case under 42 U.S.C. § 1983 and state law, naming as Defendants Lamar County and the State of Mississippi.   *See* Compl. [1] at 1.   At an Omnibus Hearing held on December 4, 2025, the Magistrate Judge permitted Plaintiff to add Judge Mozingo as a Defendant.   *See* Order [33] at 3.

The Magistrate Judge recommended that Defendants' Motions [26], [28], [36] be granted, that Plaintiff's federal claims be dismissed with prejudice, that the Court decline to exercise supplemental jurisdiction over the state-law claims, and that those claims be dismissed without prejudice.   *See* R. & R. [42] at 17.

Specifically, the Magistrate Judge determined that Plaintiff's federal claims against Lamar County should be dismissed because "Plaintiff testified that his allegations are directed entirely against Judge Mozingo, who is not a Lamar County employee," and even if Plaintiff had identified conduct attributable to Lamar County, he has failed to plead a claim for municipal liability against it under 42 U.S.C. § 1983.  *Id.* at 7.   As for the State, Plaintiff could not maintain his request for monetary damages against it due to its sovereign immunity under the Eleventh Amendment, and even if he could, the State is not a "person" that can be sued under § 1983.  *See id.* at 10.   Finally, the Magistrate Judge concluded that Plaintiff's federal claims against Judge Mozingo should be dismissed because he is entitled to absolute judicial immunity, but even if he were not, the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *See id.* at 11-15.

## II.   DISCUSSION

Where no party has objected to a magistrate judge's report and recommendation, a court need not conduct a de novo review of it.   28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made.").   In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review.   *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [42] is neither clearly erroneous nor contrary to law.   Subject

to one modification, the Court will adopt the Magistrate Judge's Report and Recommendation [42] in its entirety as the opinion of this Court. Plaintiff's federal claims will be dismissed with prejudice, except that his federal claims against the State should be dismissed without prejudice for lack of jurisdiction as barred by sovereign immunity. *See, e.g., Quiroz v. Hernandez*, 167 F.4th 254, 268 (5th Cir. 2025) ("[C]laims barred by sovereign immunity should be dismissed without prejudice, not with prejudice.").[1] Because the Court will dismiss all claims over which it has original jurisdiction, it will decline to exercise supplemental jurisdiction over the remaining state-law claims, which will be dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

### III.   CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [42] of United States Magistrate Judge Bradley W. Rath, entered in this case on May 18, 2026, is **ADOPTED**, as modified herein.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Motion [26] for Judgment on the Pleadings filed by Defendant Lamar County, the Motion [28] to Dismiss filed by Defendant State of Mississippi, and the Supplemental Motion [36] to Dismiss filed by Defendants State of Mississippi and Judge Anthony Mozingo are **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Plaintiff Georgio Rodriquez Scott's federal claims against Defendants Lamar County and Judge

---

[1] As for the federal claims against Judge Mozingo, the Court agrees that they are barred by absolute judicial immunity and should be dismissed with prejudice.

Anthony Mozingo are **DISMISSED WITH PREJUDICE**, and his federal claims against Defendant State of Mississippi are **DISMISSED WITHOUT PREJUDICE** as barred by sovereign immunity.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the Court **DECLINES** to exercise supplemental jurisdiction over Plaintiff Georgio Rodriquez Scott's state-law claims, and his state-law claims are **DISMISSED WITHOUT PREJUDICE**.   The Court will enter a separate Final Judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 15th day of June, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE